CHITTENDEN        WILLIAM A. BUTLER *vs.* HEMAN LOWRY.
*January,*
1830.

> When a sheriff, deputy sheriff, high bailiff or constable, is sued before a justice of the peace for any malfeasance, nonfeasance or misfeasance in their respective offices, the writ must be served eighteen days before the time set for trial.

This action was commenced before a justice of the peace against the defendant as sheriff of Chittenden county for neglecting to serve a writ of execution according to law. The writ was made returnable on the 18th day of May, and served on the defendant on the 2d day of May, sixteen days before the day of the return. The suit having been brought into the county court by appeal, the fendant pleaded in abatement, that there had not been legal service of the writ, the statute requiring that it should have been served eighteen days before the time set for trial. To this plea the plaintiff demurred, and the court decided that the plea was insufficient. The defendant excepted to the decision of the court, and the cause was removed to the Supreme Court for a final hearing therein.

*For the plaintiff*, it was contended, That the defendant was entitled to no more than six days notice ; because

1st. The 24th section of the judiciary act, on which the defendant's exceptions are founded, relates only to suits instituted in the Supreme and county courts .The act by its title extends no farther. The 24th section, in all the former part of it, relates to those courts only. The phraseology of the act, and of the section on which the defendant's exceptions are predicated, warrant this inference. It says, writs shall be served twelve days, &c. before the *session of the courts* to which the same are returnable. The legislature did not intend the act as applicable to justices' courts, or they would not, in the act providing for maintaining suits by and against corporations, *(Rev'd Stat. p.* 157,) provide for their having thirty days notice in *all cases.* It would have been unnecessary, had the judiciary act extended to proceedings before justices of the peace. Had they intended the act to extend to justices of the peace, they would have expressed it in the act providing for the jurisdiction of justices, or in the act relating to sheriffs. It will be noticed they were all under consideration at the same time. The

Judiciary act    was    passed    March 2, 1797 ; the
Corporation act      „        March 2, 1797 ; the
Justice's act        „        March 4, 1797, and the
Sheriff's act        „        March 6, 1797.

Now the construction contended for by the defendant would give

sheriffs twelve days more time than other individuals before justi-CHITTENDEN
ces, and only six days more in the higher courts. If, as the defen- January. 1830.
dant contends, the additional time was given sheriffs to enable
them to prosecute the deputy, or debtor's bond, and the legisla- Butler
ture had considered that the trifling suits brought before justices *vs.* Lowry.
of the peace were of sufficient importance to render it necessary
they should have such privileges before justices, they would
have provided that they should have twelve days notice. But
the more natural inference is, that the legislature deemed such de-
mands too small to embarrass the sheriff, or to require time for pros-
ecuting the bonds, and that an officer neglecting such demands
should have no such privilege.

2nd. If the judiciary act could ever have been constructively
extended to proceedings before justices of the peace, it is contend-
ed, that the legislature, by the act regulating the jurisdiction of
justices, *(Rev'd stat.* 124,) having erected a separate and inde-
pendent court, prescribed the forms, time of service, and course
of proceedings, before it; and having provided for certain ex-
ceptions to the time of service, and not having made the exceptions
contended for, have excluded the conclusion claimed by the de-
fendant.

3d. The plaintiff also contends, that all exceptions from gene-
ral laws in favor of particular individuals, should be conclusively
shown and strictly construed, and that no such exceptions should
be created by inference or argument, and especially when the ef-
fect of such exception would be to delay the collection of small
claims which it has ever been the object of the legislature and
judiciary to facilitate. Now the 9th section of the justice act
which regulates the service of writs, returnable before justices of
the peace, is general, and comprehends *all writs* which may be
issued by them.—*Revised stat. p.* 127.

*For the defendant,* it was contended, That the provisions of
the 24th section of the judiciary act apply to this case. This act
is not confined to proceedings in the county and Supreme Court;
but according to its terms is intended to regulate judicial proceed-
ings. The service of writs generally before the county court is
twelve days—before justices, six days—before court. The case of
writs against officers is an exception to the general rule.

The several acts are to be construed as if they were different
sections of the same act; in which case the sheriff would be en-
titled to eighteen days' notice. Or it may be construed as if it was

CHITTENDEN an independent act ; in which case it would be equally clear.  No
January, argument can be raised against this construction from the circum-
1830. stance that the judiciary act contains a provision relative to the
Butler service of writs against towns, &c. and that the legislature have
vs. passed another and independent act on that subject.—*Stat. p.*
Lowry. 156, *sec.* 3.  Neither can any objection arise from the expression
in the act, *" before the session of the court."*  Every reason for
giving the sheriff additional time in the one case exists in the other.
If it be said that by the letter of the justice's act *(Stat.* 127,*sec.* 9.*)*
six days notice only are required in all writs, we reply that by the
letter it is confined to *such* writs as are directed *to* the sheriff, and
which he may serve.

The opinion of the Court was pronounced by

PADDOCK, J.—The 24th section of the act regulating judicial
proceedings, passed March 2d, 1797, among other things, provides,
" that every writ or process issuing against any sheriff, deputy-
" sheriff, high baliff or constable, for non-feasance, mal-feasance or
" mis-feasance, in their respective offices, shall be served at least
" eighteen days before the session of the court to which the same
" is made returnable.

The justice act (so called) which was passed the 4th March,
1797, directs, " that every writ of summons, or attachment, shall
be served at least six days before the time therein appointed for
trial."  And the question submitted is, whether a writ against a
sheriff for eglect of duty, returnable before a justice of the peace,
must be served at least eighteen days before the time therein set
for trial, as required in the judiciary act ; or six days, according
to the justice act.  The words *every writ and process* are as
general and comprehensive as language can well be, and are not
controuled by jurisdiction, but must apply to all writs returnable
to any court in the state, unless qualified or restrained by some
provision in a subsequent statute.  It is contended that the justice
act does controul this provision, so far as it respects writs returna-
ble before a justice of the peace.  But statutes are to have such
a construction given them as that they may all stand, if consistent ;
always bearing in mind the evil to be remedied by, and object of the
legislature in, passing them.  It is evident, then, that the reason,
why a sheriff by the judiciary act is entitled to six days more notice
than other suitors, is, because he is liable to be sued for the neglect
of his deputies ; and not being supposed to have a particular
knowledge of such deputy's business, he must either give the de-

puty notice of the suit, or undertake himself a defence of which he had no previous knowledge ; and in either case, it would be reasonable that he should have a longer notice than would be necessary in his own private concerns ; and certainly there is the same necessity of his having extra notice before a justice of the peace, that there is before the county court : more especially as the jurisdiction of justices embraces three times the amount now that it did when the act was passed. The necessity, then, existing, we will see if the two statutes may be so construed as to have no discrepancy. The justice act says, " that every writ of summons or attachment shall be served at least six days before the time therein set for trial." Suppose a writ against a sheriff, for neglect of duty, is returned on the day of court, having been served eighteen days previous : it admits no argument to shew, being self evident, that it has been served according to the *justice act* ; and it is equally evident that the requisition of the judiciary act is complied with, there having been eighteen days notice ; and that eighteen days notice is given is not inconsistent with either. The conclusion then is, that the provision in the judiciary act so far governs, or is to be so taken in connection with the justice act, as that a sheriff, his deputy, or constable, when sued for neglect of his official duty, must have eighteen days notice.

Therefore, the plea in abatement must prevail.

Judgment that the writ abate.

*Porter*, for plaintiff.
*Adams*, for defendant.